# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Henry YABLONSKY,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION,<br><br>        Defendants. | Case No.:  18cv1122-CAB-AGS<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 39]; and (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [Doc. No. 33]** |

On October 7, 2019, Defendants D. Powell, G. Martinez, J. Robles, D. McGuire, R. Blahnik, and C. Tiscarnia ("Defendants") filed a motion to dismiss Plaintiff's First Amended Complaint.  [Doc. No. 39.]  On November 5, 2019, Plaintiff John Henry Yablonsky ("Plaintiff") filed an opposition.  [Doc. No. 35.]  On December 13, 2019, Defendants filed a reply.  [Doc. No. 36.]  On December 31, 2019, Plaintiff filed a sur-reply.  [Doc. No. 38.]  On June 2, 2020, Magistrate Judge Andrew G. Schopler prepared a Report and Recommendation ("Report") recommending that the motion to dismiss be granted in part and denied in part. [Doc. No. 39.] The Report also ordered that any objections were to be filed by June 16, 2020. [Report at 17.] To date, no objection has

been filed, nor have there been any requests for an extension of time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  The Court reviews *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.  In the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbel v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, neither party has timely filed objections to the Report.  Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby:

(1) **ADOPTS** Magistrate Judge Schopler's Report and Recommendation;

(2) **GRANTS IN PART AND DENIES IN PART** the motion to dismiss Plaintiff's First Amended Complaint as follows:

    a. Defendant's motion to dismiss is **GRANTED WITH LEAVE TO AMEND** as to the following claims:

        1. Access-to-courts claim;

        2. Retaliation claim (only as to the mail-reading allegation);

          3. ADA disability-discrimination claim; and

          4. Declaratory-relief claim.

     b. Defendant's motion to dismiss is otherwise **DENIED**.

(4) Plaintiff shall file any Second Amended Complaint no later than **August 7, 2020**. Plaintiff's Second Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

(5) If Plaintiff does not file a Second Amended Complaint by August 7, 2020, then Defendants shall file an **answer** to the First Amended Complaint, as amended by this order, by **August 21, 2020**.

     **IT IS SO ORDERED.**

Dated: July 14, 2020

                                        Hon. Cathy Ann Bencivengo
                                        United States District Judge