UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Henry YABLONSKY<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18cv1122-CAB-AGS<br><br>**ORDER DENYING MOTION ENTERING OBJECTIONS [Doc. No. 46]** |

　　　　On October 7, 2019, Defendants D. Powell, G. Martinez, J. Robles, D. McGuire, R. Blahnik, and C. Tiscarnia ("Defendants") filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). [Doc. No. 39.] On November 5, 2019, Plaintiff John Henry Yablonsky ("Plaintiff") filed an opposition. [Doc. No. 35.] On December 13, 2019, Defendants filed a reply. [Doc. No. 36.] On December 31, 2019, Plaintiff filed a sur-reply. [Doc. No. 38.] On June 2, 2020, Magistrate Judge Andrew G. Schopler prepared a Report and Recommendation ("Report") recommending that the motion to dismiss be granted in part and denied in part. [Doc. No. 39.] On July 14, 2020, this Court issued an order adopting the Report, granting in part and denying in part the motion to

dismiss the FAC, and (should Plaintiff wish to amend the claims that were dismissed)[1] giving Plaintiff until August 7, 2020, to file a Second Amended Complaint ("SAC"). [Doc. No. 43.]  The order also stated that if Plaintiff did not file an SAC (and instead chose to proceed on the claim in the FAC that was not dismissed)[2], then Defendants are to file an answer to the remaining claim in the FAC by August 21, 2020. [Doc. No. 43 at 3.]

On July 24, 2020, Plaintiff filed a Motion Entering Objections pursuant to §636 Regarding Courts July 14, 2020 Order.  [Doc. No. 46.]  In the Motion Plaintiff states he is confused by the July 14 Order because he does not understand why Defendants would be filing an answer to the FAC, when he has been granted leave to file an SAC.  [Doc. No. 46.]  Plaintiff also states that Defendants have already filed an answer to the FAC.  [Doc. No. 46 at 1.]  However, the docket does not reflect that Defendants have ever filed an answer to the FAC.  Rather, Defendants filed a motion to dismiss the claims the FAC.  The court then granted the motion to dismiss as to most of the claims, but denied the motion to dismiss as to the Free Speech claim.  Therefore, if Plaintiff does not file an SAC by August 7, 2020, the case will proceed as to the remaining claim in the FAC (the Free Speech Claim), and Defendants will then be required to file an answer to that remaining claim in the FAC.

For these reasons, the Court did not err and the motion entering objections is **DENIED**.  Plaintiff is reminded that he has until **August 7, 2020** to file an SAC.[3]  If

---

[1] The claims that were dismissed with leave to amend were:  1) Access-to-courts; 2) Retaliation (only as to mail-reading allegations); 3) ADA disability discrimination; and 4) Declaratory relief.

[2] The claim that was not dismissed was the Free Speech Claim

[3] Plaintiff is again reminded that the Second Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

Plaintiff does not file an SAC by August 7, 2020, then the case will proceed as to the remaining claim in the FAC, which Defendants are required to answer by August 21, 2020.

**IT IS SO ORDERED.**

Dated:  July 28, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge