# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY YABLONSKY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.<br><br>　　　　　　　　　　　Defendants. | Case No.: 18cv1122-CAB-AGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 56]** |

On August 24, 2020, Plaintiff filed a motion requesting appointment of counsel. [Doc. No. 56.] Plaintiff asks the Court to appoint counsel for him because he is incarcerated, the issues in the case are complex, and he has limited access to a law library due to Covid 19 restrictions. [Doc. No. 56.]

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is exercised only in "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider

whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court denies Plaintiff's request without prejudice at this time because nothing in either his First Amended Complaint ("FAC") or his motion requesting appointment of counsel suggests he is incapable of articulating the factual basis for his claims. *Id.* In fact, Plaintiff has articulated many coherent arguments when filing motions and responses to motions. *See e.g.* Doc. Nos. 21, 23, 29, 35, 38, 46, 51.]

At the same time, Plaintiff's FAC (as amended by court order), by itself, does not yet demonstrate a "likelihood" of success on the merits. *Id.* Therefore, the Court finds no "exceptional circumstances" exist to justify the appointment of counsel at this time. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner was able to articulate his inadequate medical care claims in light of the complexity of the issues involved, but found unlikely to succeed on the merits).

Should Plaintiff require an extension of time to file a particular pleading due to Covid 19 restrictions, he knows how to file such a motion requesting that specific extension. *See e.g.* Doc. No. 19.

## CONCLUSION

For the reasons set forth above, the motion requesting appointment of counsel is **DENIED WITHOUT PREJUDICE.  IT IS SO ORDERED.**

Dated:  August 27, 2020

Hon. Cathy Ann Bencivengo
United States District Judge