UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN HENRY YABLONSKY,

                              Plaintiff,

                    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.

                              Defendants.

Case No.:  18cv1122-CAB-AGS

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

[Doc. No. 67]

    Pending before the Court is Defendants' motion to dismiss the second amended complaint.  [Doc. No. 67.]  For the reasons set forth below, the motion is **GRANTED**.

BACKGROUND

    Plaintiff filed the original complaint on June 15, 2018. [Doc. No. 4.] Defendants responded with a motion to dismiss all causes of action contained in the complaint with the exception of Plaintiff's retaliation cause of action. [Doc. No. 17.] Defendants' motion to dismiss was granted with leave to amend. [Doc. No. 31.] On September 20, 2019, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 32.] Defendants filed a Motion to Dismiss the FAC in its entirety and it was granted in part with leave to amend.

[Doc. No. 43.] Specifically, the Court concluded Plaintiff did not plead an access-to-court cause of action because he failed to identify the actual injury that resulted. [Doc. No. 39, at 3-6, Doc. No. 43.] The Court also dismissed Plaintiff's ADA cause of action with leave to amend because Plaintiff failed to plead facts showing Defendants "exclusion, denial of benefits, or discrimination was by reason of his disability." [Doc. No. 39, at 12-14, Doc. No. 43.] Finally, the Court dismissed with leave to amend Plaintiff's request for "declaratory relief to determine what rights[,] benefits[,] and privileges exist in this matter regarding . . . treatment of handicapped inmates pursuant to the American[s with] Disabilities Act" because it overlapped with the Armstrong class actions February 28, 2013 Remedial Plan. [Doc. No 39, at 15, Doc. No. 43.]

On September 2, 2020, Plaintiff filed a Second Amended Complaint ("SAC"). [Doc. No. 62.] On September 24, 2020, Defendants filed a third Motion to Dismiss, seeking to dismiss the access-to-court and ADA causes of action, the newly asserted Eighth Amendment cruel and unusual punishment claim, and the request for declaratory relief under the ADA. [Doc. No. 67.]  On October 19, 2020, Plaintiff filed an opposition. [Doc. No. 71.][1]  On October 30, 2020, Defendants filed a reply.  [Doc. No. 72.]  On November 12, 2020, Plaintiff filed a sur-reply.  [Doc. Nos. 77 and 78.]

ALLEGATIONS OF SECOND AMENDED COMPLAINT

Plaintiff's SAC contains causes of action under the First Amendment for access to courts, free speech, and retaliation. [Doc. 62, at 69-85.] It alleges violations of the ADA [*Id.* at 85-89] and asserts a new Eighth Amendment cruel and unusual punishment claim. [*Id.* at 90-91.] Plaintiff alleges that he arrived at Richard J. Donovan Correctional Facility in June of 2016. [Doc. No. 62 at 26, ¶ 31.] Upon arrival, Plaintiff was provided access to the library and noticed the librarians would read all inmates confidential legal papers

---

[1] In his opposition, Plaintiff continually asserts that Defendants have failed to deny the allegations of the SAC and, therefore, they are deemed admitted.  [*See e.g.,* Doc. No. 71 at 2, ll. 3-4, 9-10.]  However, Defendants are not required to admit or deny any allegations until they file an answer to the operative complaint.  Fed.R.Civ.P. 8(b)(1)(B).

before making copies, including his own. [*Id.* at 27, ¶ ¶ 32-36.] He complained and the Defendants allegedly retaliated against him by limiting his law library access. [*Id.* at 28, ¶ 40.] This violated the American with Disabilities Act because Plaintiff is visually impaired and had a chrono permitting him 2 two-hour library sessions per week. [*Id.* at 72-74, 85-89.]

On November 13, 2017, Plaintiff wrote a letter to the Litigation Coordinator Defendant McGuire asking for assistance with a pending 602 staff complaint. [Doc. No. 62 at 30, ¶ 46.] The next day on November 14, 2017, the Institutional Security Unit searched Plaintiff's cell and confiscated his legal papers. [*Id.* at 31, ¶ 50.] Plaintiff alleges McGuire directed the search and confiscation. [*Id.*] A portion of the files were returned three days later on November 17, 2017. [*Id.* at 33, ¶ 58.]

From 2016 to 2018, Plaintiff had a pending habeas petition and postconviction challenges. [Doc. No. 62 at 31-32, 38, 61-62.] The limited law library access, and confiscation of his papers "distracted, interfered and caused hardship" in Plaintiff's pending lawsuits. [*Id.* at 70.] Plaintiff was allegedly interviewed by Defendant Martinez regarding his law library access appeal. [Doc. No. 61 at 35 -37, ¶¶68 - 72.] During the interview, Plaintiff agreed to withdraw the law library access appeal, but Martinez withdrew the appeal regarding the alleged confiscation of his legal papers instead. [*Id.*]

In 2018, Defendant Robles allegedly wrote a "false RVR," as retaliation for Plaintiff's 602 staff complaints and Form 22 requests. [Doc. No. 62 at 37, ¶ 75.]

LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed.R.Civ.P. 8(a)(2)), in order to survive a motion to dismiss this short and plain

3

statement "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' " *Id.* (*quoting Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## DISCUSSION

I.      Access to Courts Claim.

Defendants again move to dismiss the access to courts claim for failing to sufficiently plead actual injury. [Doc. No. 67 at 7-8.]  To satisfy the actual-injury requirement, plaintiffs must allege defendants' actions hindered "efforts to pursue a legal claim." *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Specifically, plaintiffs must identify a link between a defendant's "constitutional misconduct" and an "adverse disposition" in plaintiff's underlying case.  *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005); *see also Christoper v. Harbury*, 536 U.S. 403, 418 (2002)(denying an access-to-courts claim because "the complainant failed to identify the underlying cause of action that the alleged deception had compromised").

Here, Plaintiff's SAC does not cure the defects previously noted by the Court because it still fails to sufficiently describe an actual injury.  [*See* Doc. No. 62 at 69-72, 77-79.]  Plaintiff alleges Defendants schemed to "distract, interfere, and cause hardship" that caused delays in his filings [*Id.* at 70], but he does not identify any resulting injury. In one handwritten notation in the SAC, Plaintiff implies that defendants' actions caused a successive petition to be deemed late.  [Doc. No. 62 at 69, ll. 16-18.]  However,

Plaintiff fails to identify what relief the petition was seeking, and what specific "constitutional misconduct" caused that alleged delay. *Simpkins*, 406 F.3d at 1244. Therefore, the access-to-courts claim again fails.

II.     ADA Claim.

To state an ADA disability-discrimination claim, plaintiff must allege that:

(1) He is an individual with a disability;
(2) He is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities;
(3) He was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
(4) Such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Vos v. City of Newport Beach,* 892 F.3d 1024, 1036 (9th Cir. 2018).

Defendants move to dismiss Plaintiff's ADA claim because it fails to adequately allege the fourth element of an ADA cause of action. Just as with the FAC, the gravamen of the allegations in the SAC continues to be that Plaintiff's library access was limited because of the grievances he filed, not because of his disability or attempts to enforce the chrono. [Doc. No. 62, at ¶¶213 - 230.] Plaintiff has failed to sufficiently allege that any alleged exclusion or denial of service was by reason of his disability. Therefore, the ADA claim again fails.

III.    Request for Declaratory Relief.

Defendants seek dismissal of the request for declaratory relief because it is the same relief that was dismissed from the FAC. [2] Plaintiff's request for declaratory relief in the SAC [Doc. No. 62 at 94] is identical with the one in the FAC [Doc. No. 32 at 78]. Therefore, the request for declaratory relief is again dismissed.

/ / / / /

---

[2] The claim for relief was dismissed from the FAC because it overlaps with the ongoing class action litigation in *Armstrong v. Brown*, No. C 94-2307 CW (N.D. Cal., June 29, 1994). [Doc. No. 39 at 15, Doc. No. 43.]

IV.   Eighth Amendment Claim.

In the SAC, Plaintiff asserts a new claim for an Eighth Amendment violation, alleging that Defendants' conduct (limiting law library access, reading of legal mail, seizing of paperwork, and false RVR) was cruel and unusual punishment.  [Doc. No. 62 at 90-91.]  This claim is improper, however, because Plaintiff has not been given leave to add new claims.  *See* Fed. R. Civ. Pro. 15; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011)(leave to amend to add new claim to a complaint may be denied on the basis plaintiff failed to comply with local rules).

In addition, the SAC fails to state an Eighth Amendment claim, because it does not implicate basic human needs such as "food, clothing, shelter, sanitation, medical care, and personal safety."  *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds in *Sandin v. Connor*, 515 U.S. 472 (1995).  Therefore, this claim is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [Doc. No. 67] is **GRANTED**.  Given that this case is over two years old and has been through three rounds of motions to dismiss, **no further leave to amend will be granted**.  Defendants shall **answer** the SAC, as amended by this order, by **December 14, 2020**.

**IT IS SO ORDERED.**

Dated:  November 30, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

6

18cv1122-CAB-AGS