UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Henry YABLONSKY,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>                              Defendants. | Case No.: 18-cv-1122-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO EXCEED 15 INTERROGATORIES PER SIDE (ECF 101)** |

Plaintiff Yablonsky, an inmate proceeding without an attorney, requests leave from this Court to serve additional interrogatories over the Court-imposed limit of 15. (ECF 101, at 4; ECF 92, at 3.) A scheduling order may be modified for "good cause." *See* Fed. R. Civ. P. 16(b)(4). "An incarcerated party's highly limited ability to conduct a deposition in prison may contribute to a finding of good cause to file additional interrogatories." *McClellan v. Kern Cnty. Sheriff's Office*, No. 110CV0386LJOMJSPC, 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citation omitted). But under Civil Local Rule 33.1, "[a]ny party desiring to serve additional interrogatories must . . . set[] forth the proposed additional interrogatories and the reasons establishing good cause for their use." CivLR 33.1(a).

When granting leave for additional discovery, a court must consider (1) whether "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive;" (2) whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and (3) whether the discovery is "relevant to any party's claim or defense and proportional to the needs of the case." *See O'Connor v. Perez*, No. 2:18-CV-1057 DB P, 2020 WL 1030850, at *2 (E.D. Cal. Mar. 3, 2020) (citing Fed. R. Civ. P. 26(b)(1)-(2)), *recons. denied*, No. 2:18-CV-1057 DB P, 2020 WL 6928651 (E.D. Cal. Sept. 1, 2020).

Yablonsky has already far exceeded the 15-interrogatory limit. On January 25, 2021, he "served [37] interrogatories on Defendant Martinez, and [69] interrogatories on Defendant Robles." (ECF 104, at 4; *see* ECF 104-2, at 7-12, 20-31.) He then withdrew these interrogatories and propounded over 100 interrogatories on January 28, 2021. (ECF 104, at 4; *see* ECF 104-2, at 43-48, 53-58, 64-67.) That same day, Yablonsky filed this motion requesting leave to serve 50 interrogatories on each of the six defendants, totaling 300 interrogatories. (*See* ECF 101, at 4.)

Yablonsky demonstrates good cause for why *some* additional discovery is necessary. First, plaintiff has articulated claims against six named defendants, who "work together in different capacities." (ECF 101, at 2.) In the operative First Amended Complaint, Yablonsky makes four distinct claims: (1) defendants Powell, Blahnick, and Tiscarnia unconstitutionally read his mail and limited his library access in retaliation to his complaints; (2) defendant Robles wrote a false disciplinary report designed to limit Yablonsky's library access; (3) defendant Martinez facilitated a "bait and switch" of an appeal Yablonsky had filed; and (4) defendant McGuire placed labels over mailing addresses to prevent delivery of Yablonsky's mail. (ECF 32, at 66-69.) These claims are varied enough to require separate sets of questions. *See Auther v. Oshkosh Corp.*, No. 09-CV-00527(A)(M), 2010 WL 1404125, at *4 (W.D.N.Y. Mar. 30, 2010) (allowing 25 interrogatories per plaintiff because of "sufficiently distinct" claims).

Second, because he is an indigent, attorney-less prisoner, Yablonsky has "little to no means to afford the costs of performing a deposition." (ECF 101, at 2.) Depositions "would relieve some of the pressure" created by the interrogatory limit but "incarcerated pro se

litigants are rarely in the position to conduct depositions and this case . . . presents no exception." *McNeil v. Hayes*, No. 1:10-CV-01746-AWI, 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014). Because there is no other source of discovery that is "more convenient, less burdensome, or less expensive," increasing the limit for interrogatories is appropriate. *See* Fed. R. Civ. P. 26(b)(2).

However, plaintiff does not demonstrate good cause for 50 interrogatories per defendant, totaling 300 questions. Plaintiff also fails to "set[] forth the proposed additional interrogatories," as required by Civil Local Rule 33.1. *See also O'Connor*, 2020 WL 1030850, at *3 (denying motion for additional interrogatories because plaintiff "has not submitted proposed interrogatories" or "specified the nature or subject matter of the additional interrogatories"); *Bishop v. Harrington*, No. 111CV00094LJOSABPC, 2015 WL 6150855, at *2 (E.D. Cal. Oct. 15, 2015) (denying motion to file an increased amount of interrogatories "because Plaintiff has not presented the Court with any of the discovery he wishes to propound"). Despite those inadequacies, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's motion to serve additional interrogatories. Each *party* may serve no more than 25 interrogatories on any other party, including all discrete subparts. This means that Yablonsky may serve 25 interrogatories on each of the six named defendants (for a total of 150 interrogatories), and each named defendant may serve 25 interrogatories on the plaintiff. Given that Yablonsky exceeded the prior limitations, he must reissue his interrogatories. Defendants need not respond to the January 28, 2021 interrogatories.

Dated:  February 17, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge