UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Henry YABLONSKY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-1122-AGS<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION (ECF 120)** |

Plaintiff Yablonsky requests a preliminary injunction (1) for law-library access and (2) for defendants to "stop retaliating." (ECF 120, at 5.)

## BACKGROUND

According to Yablonsky, between August 3, 2019, and September 5, 2019, he was only allowed a total of five hours[1] of law-library access, although his status as a Priority Library User entitled him to four hours each week. (*Id.* at 2-3.) Plaintiff's limited access allegedly hindered his ability to respond to (1) a Report and Recommendation issued in this case on August 21, 2019, with objections due September 4, 2019, and (2) another order in *Yablonsky v. Canty*, No. E068775, 2019 WL 3492488 (Cal. Ct. App. Aug. 1, 2019). (*Id.* at 3.) Yablonsky further alleges that in February 2021, defendants reduced his total library access to ten hours, or "less than half" of what he was entitled to. (*Id.* at 4.) Finally, Yablonsky contends that in March 2019, defendants "refused four more hours" of library access. (*Id.*)

---

[1] Elsewhere in the motion, Yablonsky claims he was "only allowed *two hours* of access," but then he later writes that "plaintiff had only *two ½ hours* of access." (ECF 120, at 3 (emphasis added).) But according to a log submitted by defendants, Yablonsky had two 2.5-hour timeslots on August 30, 2019, for a total of five hours between August 3, 2019, and September 5, 2019. (ECF 126-2, at 9.)

1

# DISCUSSION

"In any civil action with respect to prison conditions," a prisoner may move for, and "the court may enter a temporary restraining order or an order for preliminary injunctive relief." 18 U.S.C. § 3626; *see also Burnett v. Dugan*, 618 F. Supp. 2d 1232, 1234 (S.D. Cal. 2009). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (internal citation omitted).

As a threshold requirement, a plaintiff requesting preliminary relief must demonstrate "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The relief requested here is for law-library access and for defendants to "stop retaliating." In plaintiff's second amended complaint, his access-to-courts claim has been dismissed. (*See* ECF 79, at 2-6.) But his retaliation and free-speech claims remain, and he specifically contends that defendants "order[ed] the reduction of plaintiff[']s access into the law library, [t]o get even for appeal[l]ing their misconduct[]." (ECF 62, at 80.) So, the Court finds there is a nexus between the complaint and the relief requested in the motion.

Turning to the merits, a plaintiff seeking a preliminary injunction must establish (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

**A.    Likelihood of Success on the Merits**

Plaintiff's underlying claims are for retaliation and free speech. Beyond reiterating the allegations in his second amended complaint (*see* ECF 130, at 4), Yablonsky provides no arguments or evidence addressing the likelihood of success on either of these claims. (*See generally* ECF 120; ECF 130.) The Court nonetheless conducts a cursory examination of his chances of success on the merits.

### 1. Retaliation

In the prison context, a viable First Amendment retaliation claim must contain five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Allen v. Miller*, 815 F. App'x 185, 186 (9th Cir. 2020) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Yablonsky does not satisfy elements two and five. For element two—that these adverse actions took place *because of* his appeals—plaintiff mostly makes conclusory statements about retaliatory intent. (*See* ECF 62, at 30 ("[A]s a result of plaintiff[']s appeals[,] plaintiff[']s access was restricted and terminated.").) Yablonsky only provides evidence of intent in one instance: when "ISU officer Pickett" removed plaintiff's legal notes from his cell, plaintiff "asked why this was being do[ne]." (*Id.* at 31.) "Staff [P]ickett then asked plaintiff [if he had] filed an appeal," and Yablonsky "answered he had." (*Id.*) "Pickett suggested 'THAT MAY BE THE REASON' then removed all of the remainder of plaintif[f's] legal research." (*Id.*) But Pickett has not been served in this case, and Yablonsky's allegation that defendant McGuire (who has been served) had any connection with this event is speculative and conclusory. (*See id.* at 32.)

Yablonsky also fails to demonstrate element five, that defendants' actions did not reasonably advance a legitimate correctional goal. He claims that the prison staff did "not once offer[] [a] genuine pen[o]logical excuse for their actions." (*Id.* at 25.) But it's *plaintiff* who "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Again, Yablonsky offers no proof beyond conclusory statements. (*See* ECF 62, at 22 ("THERE ARE NO L[E]GITIMATE PEN[O]LOGICAL EXCUSES FOR THESE AC[]TS.").) So, absent a showing of elements two and five, plaintiff fails to demonstrate a likelihood of success on his retaliation claim.

### 2. Free Speech

Yablonsky's free-speech claim is not discrete, but rather subsumed within his retaliation claim. In his second amended complaint, under his free-speech cause of action, plaintiff alleges that "defendants . . . took actions against plaintiff . . . to stop, frustrate, chill, [and] prevent plaintiff['s] exercise of free speech *when he filed appeals*." (*Id.* at 84 (emphasis added).) So, the same likelihood-of-success analysis applies.

## B. Irreparable Harm

"Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits," the Court "need not consider the remaining three *Winter* elements." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotes and citation omitted). But plaintiff also fails to demonstrate irreparable harm. The library-appointment log shows that in February 2021, Yablonsky received 8-10 hours of law-library access, and between 16-18 hours in March 2021. (*See* ECF 126-2, at 12-13.) During this period, plaintiff filed several timely motions and responses. (*See, e.g.,* ECF 101; ECF 107; ECF 109; ECF 112.) So, there is no evidence of ongoing harm, much less *irreparable* harm, in the absence of preliminary relief.

## CONCLUSION

Because plaintiff fails to demonstrate a likelihood of success on the merits or any irreparable harm, his request for preliminary injunctive relief is **DENIED**.

Dated: June 14, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge