| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| John Henry YABLONSKY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>Defendants. | Case No.: 18-cv-1122-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE A THIRD AMENDED COMPLAINT (ECF 124)** |

Plaintiff requests to file a fourth complaint. For the following reasons, that request is denied.

## BACKGROUND

This § 1983 case, brought by pro se inmate Yablonsky, is over three years old and has been through three rounds of motions to dismiss. (*See* ECF 17; ECF 33; ECF 67.) In the last round, the Court warned that "no further leave to amend will be granted." (ECF 79, at 6.) Nevertheless, after identifying new defendants through discovery, Yablonsky moved to extend the deadline to amend pleadings (ECF 109), which the Court granted. (ECF 116.) He then moved for leave to amend his complaint a third time. (ECF 124.)

Yablonsky seeks to add five new defendants to his complaint: an ISU staff member named Pickett; two appeals coordinators, Self and Olivarria; and two mailroom supervisors, Garcia and Fuller. (*See id.* at 2.) Plaintiff also attempts to add a new claim, a "right to petition government." (*See id.* at 116.)

## DISCUSSION

Under Rule 15(a), the Court has discretion to grant leave to amend at any time "when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to allow an amendment, courts consider five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously

1

allowed," (4) "undue prejudice to the opposing party," and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

A. **Futility**

Because "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," the Court addresses this factor first. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (citation omitted). "An amendment is futile when no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Ultrasvs. Env't, Inc. v. STV, Inc.*, 674 F. App'x 645, 649 (9th Cir. 2017) (quotation marks and citation omitted). Defendants primarily argue that amendment is futile because "the statute of limitations" for plaintiff's amended claims "has expired." (ECF 127, at 3.)

1. **Statute of Limitations**

In a § 1983 case, the statute of limitations begins to run when the plaintiff "knows or has reason to know of the actual injury." *Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016) (quotation omitted). Section 1983 applies the state's "statute of limitations for personal injury actions," which in California is two years. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. Additionally, California tolls the limitations period for up to two years for the "disability" of incarceration. *See* Cal. Civ. Proc. Code § 352.1(a). But that tolling doesn't apply if plaintiff is "serving a life sentence *without* the possibility of parole." *See Allen v. Beard*, No. 3:16-CV-2713-MMA-KSC, 2018 WL 5785274, at *6 (S.D. Cal. Nov. 5, 2018) (citation omitted) (emphasis added).

Because Yablonsky is serving a life sentence without the possibility of parole (*see* ECF 127-2, at 3), his statute of limitations is two years.[1] And his claims against all five

---

[1] The statute of limitations is also tolled "while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff believed

2

defendants are barred. According to his proposed third amended complaint, the causes of action accrued in 2017 and 2018: Garcia and Fuller allegedly tampered with mail on April 14, 2017 (ECF 124, at 128); Picket allegedly took legal notes from plaintiff's cell on November 14, 2017,[2] (*id.*); and Self and Olivarria allegedly conspired "to frustrate plaintiff['s] fili[n]g of appeals" between October 2016 and December 2018. (*Id.* at 129.) The two-year statute of limitations for the *latest* of these claims expired in December 2020. *See* Cal. Civ. Proc. Code § 335.1. Yablonsky moved to amend to add these defendants in May 2021, months after that deadline passed. (*See* ECF 124.) So any such amendment would be late.

### 2. Relation Back

But a late amendment may still be deemed timely "if it relates back to the date of a timely original pleading." *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). In the event relation back is appropriate, then all Yablonsky's new claims would be timely: his original June 15, 2018 complaint was within two years of all the new claims. When a limitations period derives from state law, as it does here, courts must "consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler*, 766 F.3d at 1201; *see also* Fed. R. Civ. P. 15(c)(1).

#### a. California Law

##### i. *Adding Defendants*

In addition to other relation-back requirements, California requires a plaintiff to serve the summons and complaint upon a defendant "within three years" after the complaint is filed. Cal. Civ. Proc. Code § 583.210. "The three-year limit is 'mandatory'

---

his claims to be exhausted at the time of his initial complaint on June 15, 2018. (*See* ECF 4, at 5; ECF 129, at 5.) Thus, even if any tolling applied during the exhaustion process, the statute of limitations still ran out by June 15, 2020—two years after Yablonsky filed his federal complaint. (*See* ECF 4.)

[2] Yablonsky elsewhere claims this occurred on November 14, 2016. (ECF 124, at 124.)

3

and is 'not subject to extension, excuse, or exception except as expressly provided by statute.'"[3] *Chatoian v. Cnty. of Marin*, No. C04-02790MJJ, 2007 WL 4557792, at *4 (N.D. Cal. Dec. 21, 2007) (quoting Cal. Civ. Proc. Code § 583.250(b)).

Yablonsky's three-year deadline was June 15, 2021. (*See* ECF 4.) He moved for leave to amend on May 7, 2021 (*see* ECF 124), and the briefing schedule was set through June 7, 2021. (*See* ECF 125.) The June 15, 2021 deadline has since passed.

The "failure to serve [the new defendants] prior to [June 15, 2021,] is fatal to [asserting] individual claims against these Doe defendants." *See Chatoian*, 2007 WL 4557792, at *4 (denying a motion to amend because the new defendants "were not served before the Section 583.210 deadline," even though the motion was filed one month *before* that deadline). So, none of the five new defendants "relate back" under California law.

### ii. *Adding a Cause of Action*

With respect to new causes of action, California law permits relation back when the amended complaint is (1) "based on the same general set of facts as the original complaint," (2) "seeks relief for the same injuries," (3) "and refers to the same incident." *Pratt v. Gamboa*, No. 17-CV-04375-LHK, 2020 WL 2512407, at *9 (N.D. Cal. May 15, 2020) (citation omitted).

Yablonsky's right-to-petition claim meets this standard. His original complaint and proposed third amended complaint recount the same "erroneously" rejected appeals. (*See* ECF 4, at 43; ECF 124, at 105, 109.) And the injuries are alike too: in the original complaint, Yablonsky alleges that defendants are "interfer[ing] with [] plaintiff['s] . . . right

---

[3] California Code of Civil Procedure § 583.240 lists four statutory exceptions, including if service "was impossible, impracticable, or futile due to causes beyond the plaintiff's control." Cal. Civ. Proc. Code § 583.240(d). But the statute clarifies that "[f]ailure to discover relevant facts or evidence is *not* a cause beyond the plaintiff's control for the purpose of this subdivision." *Id.* (emphasis added). Additionally, the "impossibility" excuse "should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence." Cal. Civ. Proc. Code § 583.240 editors' notes. So, Yablonsky would not benefit from this exception.

4

to access the Court," (*see* ECF 4, at 10), which is similar to the "right to peti[]tion government." (ECF 124, at 130.) *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (finding that "the right to petition the government . . . includes a reasonable right of access to the courts"). So, the Court finds that under California law, plaintiff's new right-to-petition claim would relate back to the filing of the original complaint.

### b. Federal Law

#### i. Adding Defendants

Compared to California state law, the federal standard for relating back new defendants is harder to satisfy. An amendment relates back if the following conditions are met: (1) "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading"; (2) the party to be brought in "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning identity." Fed. R. Civ. P. 15(c)(1); *see also Butler*, 776 F.3d at 1202 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). The second and third elements must be completed "within the period provided by Rule 4(m) for serving the summons and complaint," which is 90 days. Fed. R. Civ. P. 15(c)(1)(C); *see* Fed. R. Civ. P. 4(m).

Yablonsky offers no evidence that Pickett, Self, Olivarria, Garcia, and Fuller received any notice of the action, much less within 90 days of when the original complaint was filed. Nor does Yablonsky allege that these defendants "knew or should have known" of a mistake concerning identity in the initial complaint. So, any amendment that adds these defendants would not relate back under federal law.

#### ii. Adding a Cause of Action

Because plaintiff's new cause of action—the "right to petition government"—relates back under California state law, the Court need not conduct the full federal analysis. But the Court briefly notes that Yablonsky's new claim would relate back under federal law too, since it arises out of the same "conduct, transaction, or occurrence" as the original

5

pleading. *See* Fed. R. Civ. P. 15(c)(1)(B). So, under both federal and state law, the right-to-petition claim is timely and thus not futile. This weighs in favor of permitting amendment as to the new cause of action.

By contrast, without relation back, Yablonsky's claims against all five defendants remain barred by the statute of limitations. Since the allegations against Pickett, Self, Olivarria, Garcia, and Fuller would not "constitute a valid and sufficient claim," *see Ultrasvs. Env't, Inc.*, 674 F. App'x at 649, the Court finds that amendment would be futile. Thus, Yablonsky's motion for leave to amend is denied with respect to the new defendants, and the Court need not reach the remaining four factors for these claims.

## B. Undue Delay

"Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted); *see also Breakdown Servs., Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007). "In evaluating undue delay [courts consider] whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Segal v. Rogue Pictures*, 544 F. App'x 769, 770 (9th Cir. 2013) (citation omitted).

Plaintiff provides no explanation for his failure to raise his new "right to petition government" claim in his last three complaints. (*See* ECF 124, at 116.) The claim is based on facts available to Yablonsky at the time he initiated the case. So, the Court finds there was undue delay in adding the right-to-petition claim, which weighs against permitting amendment.

## C. Bad Faith and Repeated Failure to Cure Deficiencies

Next, "[a]nalyzing bad faith requires courts to focus on a moving party's motives for bringing an amendment." *Gardner v. CafePress Inc.*, No. 3:13-CV-1108-GPC-JLB, 2014 WL 4792958, at *3 (S.D. Cal. Sept. 25, 2014) (citing *Foman*, 371 U.S. at 182). For example, a plaintiff's "attempt[s] to add claims [that] defendants previously dismissed with prejudice" is evidence of bad faith. *Smith v. Albee*, 2:15-cv-1598 JAM KJN P, 2019 WL

6

2952962, at *3 (E.D. Cal. July 9, 2019), *adopted*, 2019 WL 4189642 (E.D. Cal. Sept. 4, 2019). Additionally, "when a pleader alleges and re-alleges the same theories in an attempt to cure pre-existing deficiencies," the Court finds such a repeated failure to cure "weigh[s] against granting the . . . amendment." *Valdez v. Leeds*, No. 117CV00430LJOEPG, 2018 WL 432497, at *2 (E.D. Cal. Jan. 16, 2018).

Yablonsky has twice attempted to plead access to courts, in his first and second amended complaints. (*See* ECF 32, at 708; ECF 62, at 69.) The claim was dismissed each time, and the Court warned that "no further leave to amend will be granted." (*See* ECF 43, at 2; ECF 79, at 4-5.) Yet plaintiff now seeks to add a right to petition the government as a "new" cause of action. Because "the right to petition the government . . . includes a reasonable right of access to the courts," *see O'Keefe*, 82 F.3d at 325, it appears that Yablonsky is trying to add back his dismissed claims. So, the Court concludes that plaintiff's attempt to include the "new" right-to-petition claim is evidence of both bad faith *and* a repeated failure to cure deficiencies.

**D.  Undue Prejudice**

Finally, of the five factors, "prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards*, 953 F.3d 567, 574 (9th Cir. 2020) (citation omitted). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice." *LF Centennial Ltd. v. Z-Line Designs, Inc.*, No. 16CV929 JM (NLS), 2018 WL 3533251, at *3 (S.D. Cal. July 23, 2018) (quoting *Lockheed Martin Corp.*, 194 F.3d at 986).

Defendants argue that amendment would be prejudicial because "it would force [d]efendants to conduct discovery and develop defenses for . . . a new cause of action, in the three months left for discovery to occur." (ECF 127, at 7.) The Court agrees. This case has been through three rounds of motions to dismiss. (*See* ECF 17; ECF 33; ECF 67.) Because Yablonsky could have included the right-to-petition claim in his initial complaint three years ago, adding the claim now would prejudice defendants. *See In re Silva*, No. AP 15-01014 PC, 2017 WL 8186267, at *3 (C.D. Cal. Nov. 13, 2017) ("A party is

7

prejudiced by having to litigate new claims after a dispositive motion has been filed or granted on the original claims, particularly when the facts and theories have been known to the party at the time of the original pleading." (citations omitted)).

E. **Balancing the Factors**

Although adding the right-to-petition claim would not be futile, every other factor weighs against amendment. On balance, the Court concludes that Yablonsky has not carried his burden to justify filing a fourth complaint three years into this litigation.

## CONCLUSION

The Court concludes that amendment would be (1) futile with respect to Pickett, Self, Olivarria, Garcia, and Fuller due to untimeliness; and (2) unjust as to Yablonsky's right-to-petition claim because of prejudice, undue delay, bad faith, and a repeated failure to cure deficiencies. Thus, the Court **DENIES** plaintiff's motion for leave to amend.

Dated: July 13, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge

8

18-cv-1122-AGS