UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Henry YABLONSKY,<br><br>                                  Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>                                  Defendants. | Case No.: 3:18-cv-1122-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF 146), RENEWED OBJECTION (ECF 144), SUPPLEMENTAL PLEADING (ECF 157), AND TO NAME DOE DEFENDANTS (ECF 159)** |

After the Court denied his request to file a third amended complaint (ECF 138), plaintiff John Henry Yablonsky timely moved for reconsideration. He has since supplemented with two other motions: one seeking to file a supplemental declaration to his second amended complaint and another to name the Doe defendants in that complaint. In other words, he again wants to amend his operative complaint to join five additional defendants and add a right-to-petition claim. For the below reasons, that request is denied.

## BACKGROUND

This 42 U.S.C. § 1983 case, brought by pro se inmate Yablonsky, is over four years old and has been through three rounds of motions to dismiss. (*See* ECF 17; ECF 33; ECF 67.) After allegedly identifying new defendants through discovery, Yablonsky moved to amend his complaint a third time, attempting to add five new defendants and a new claim. (ECF 124.) That motion was denied because the claims against the new defendants were futile and the amendment factors weighed heavily against allowing the late-stage addition of a new claim. (ECF 138, at 6, 8.)

Yablonsky objected to the denial and moved for reconsideration. (ECF 146, at 7; *see also* ECF 144 ("reinvigorat[ing]" his "strenuous objections" to the denial).) He also employed some creative captioning in two later motions that seek to accomplish the same objective. In his "Request [for] Leave of Court to File Suppl[e]ment[al] Declaration to Second Amended Complaint" (ECF 157) and a "Motion to Name Does Previously

1

Identified Naming[] Self, Garcia, Fuller, Olivarria, and Pickett Pursuant to F.R.C.P. Rule 15(c)(1)(A)" (ECF 159), Yablonsky, like in the earlier objections, asks the Court to reconsider its denial and to permit him to add these five defendants and the new claim.

## DISCUSSION

This Court previously found that amending the complaint to add the five new defendants would be futile because the statute of limitations expired, and the claims do not relate back. (ECF 138, at 3, 6.) And although adding a right-to-petition claim would not be futile, the relevant factors—undue delay, bad faith, failure to cure deficiencies, and prejudice to defendants—all weighed against permitting the amendment. (*See* ECF 138, at 8.) Plaintiff now challenges the Court's ruling.

### A. Timeliness

Yablonsky's first two reconsideration motions are timely, but the latter two (creatively named) motions are not. *See* CivLR 7.1(i)(2) (setting 28-day time limit for motions to reconsider). Because all the motions raise substantially the same arguments, the Court will exercise its discretion to consider all Yablonsky's filings. *See, e.g.*, *Bradford v. Khamooshian*, No. 3:17-CV-2053-BAS-AHG, 2019 WL 5061316, at *1 (S.D. Cal. Oct. 9, 2019) (reaching the merits of an untimely reconsideration motion).

### B. Standard for Reconsideration

Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A]bsent highly unusual circumstances," a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citations omitted). "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation and internal quotation marks omitted).

In all four filings, Yablonsky fails to present any newly discovered evidence or any change in the controlling law. Rather, he implicitly argues the Court committed clear error by (1) concluding it would be futile to add the proposed defendants and (2) finding the amendment factors weighed against allowing the right-to-petition claim.

## C. Futility of Adding Defendants

This Court previously concluded it would be futile for Yablonsky to add the five new defendants because they would be barred by the statute of limitations. (*See* ECF 138, at 6.) Of note, the relation-back doctrine did not save him. When a limitations period derives from state law, as it does here, courts must "consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014). Yablonsky claims to have satisfied both standards to add defendants. (*See* ECF 146, at 5; ECF 144, at 3–4; ECF 159, at 9, 11.) This Court previously concluded that he satisfied neither. (ECF 138, at 3–5.)

### 1. State-Law Analysis

As this Court explained, the statute of limitations on the latest of these claims expired in December 2020. (ECF 138, at 3.) Yablonsky disputes the application of the statute of limitations and claims he timely served the proposed defendants. (*See* ECF 146, at 5; ECF 159, at 5.)

Federal courts "apply the forum state's statute of limitations for personal injury actions . . . ." *Butler*, 766 F.3d at 1198 (citation omitted). "California's statute of limitations for personal injury claims is two years." *Id.* (citing Cal. Civ. Proc. Code § 335.1). The statute of limitations begins to run when the plaintiff "knows or has reason to know of the actual injury."[1] *Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016) (quotation omitted).

---

[1] Yablonsky believes the statute of limitations should have been tolled during the administrative appeals process. (ECF 159, at 3.) But he completed his administrative appeals on the last of the proposed defendants on May 22, 2018. (*Id.* at 3.) Even with administrative tolling, the limitations period expired in 2020. *See* Cal. Civ. Proc. Code § 335.1.

3

California also provides a three-year window from filing the complaint to serve an unknown "Doe" defendant. *See* Cal. Civ. Proc. Code § 583.210.

Yablonsky takes these two separate concepts—the statute of limitations and the time to serve Doe defendants—and conflates them into a four-year period for him to name Doe defendants. (ECF 159, at 8 (citing to *Rumberg v. Weber Aircraft Corp.*, 424 F. Supp. 294, 297 (C.D. Cal. 1976).) Yablonsky relies on *Rumberg*, which concluded it was possible to have a "functional equivalent of a limitations period of up to four years" for a wrongful death suit, "depending on the date the complaint is filed," by combining that claim's one-year statute of limitations and the state-law extension to identify unknown defendants. 424 F. Supp. at 297. But different events trigger the statute of limitations and the three-year window to name Doe defendants. The plaintiff's knowledge of the harm starts the statute-of-limitations clock. *See Scheer*, 817 F.3d at 1188. Filing the complaint starts the Doe-defendant clock. *See* Cal. Civ. Proc. Code § 583.210.

It has now been more than two years since Yablonsky knew of his alleged injuries (including any tolling for administrative review), so new defendants would be barred by the statute of limitations. This Court previously determined that, under section 583.210, Yablonsky's deadline to serve the Doe defendants was June 15, 2021, and he didn't meet it. (ECF 138, at 3–4.) But Yablonsky argues he attempted to serve the proposed defendants in April 2021. (ECF 146, at 2; ECF 144, at 3; ECF 159, at 9; ECF 166, at 9.)

### a. *April 19, 2021 Mailings*

On April 19, 2021, Yablonsky mailed a request to *waive service* to counsel for the already-named defendants. (*See* ECF 146, at 11–23.) For a waiver of service to be effective, the defendant must sign and return the waiver. *See* Fed. R. Civ. P. 4(d)(4). An unanswered request to waive service is not service. *See, e.g.*, *Al-Hizbullahi v. Bleisner*, No. C 04-4903 MMC (PR), 2009 WL 1855234, at *2 (N.D. Cal. June 29, 2009) ("[D]efendants' receipt of plaintiff's request that defendants waive service does not constitute service . . . ."). So Yablonsky's April 2021 mailings did not satisfy the service requirement.

### b. *COVID-19 Impact*

Yablonsky also argues that he falls within the statutory exception for when service "was impossible, impracticable, or futile due to causes beyond the plaintiff's control." Cal. Civ. Proc. Code § 583.240(d); (*see* ECF 146, at 3). The "impossibility" excuse "should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence." Cal. Civ. Proc. Code § 583.240 editors' notes.

Yablonsky claims the one-year COVID-19 "lockout," which entailed a "lack of access to law library resources" and "paging [services]," should toll the three-year limit because it constituted "acts outside the plaintiff['s] control." (ECF 146, at 3; *see also id.* at 5 ("COVID[-]19 locked the entire world away from resources and should be generously considered in timeliness arguments."); ECF 166, at 5.) But during 2020, Yablonsky filed five motions (ECF 41; ECF 56; ECF 59; ECF 61; ECF 74), four objections (ECF 46; ECF 51; ECF 77; ECF 82), and his second amended complaint (ECF 62), including over 700 pages of exhibits (ECF 66). Yablonsky's active litigation practice defeats his claim that service was "impossible" within three years. So it was not clear error for the Court to conclude the statutory exception was inapplicable.

Despite the attempted April 2021 service and COVID-19 restrictions, Yablonsky failed to serve the proposed defendants within the three-year statutory period. Thus, section 583.210 does not render his request to amend timely.

### 2. Federal Relation-Back Analysis

Yablonsky also challenges the Court's conclusion that his claims against the proposed defendants would not satisfy the federal relation-back requirements. He asserts that he satisfied the federal requirements because the five new defendants "have already been made aware of the allegations against them . . . ." (ECF 146, at 5; *see also* ECF 144, at 3–4 (alleging the proposed defendants knew of the administrative appeals and were named as Does in the original complaint); ECF 159, at 11 (charging the proposed defendants with notice based on the prison appeals and waivers of service for the original

defendants); ECF 166, at 3 (emphasizing that the service of the original complaint on the named defendants "placed the entire facility on notice that plaintiff filed a complaint with al[l]egations that included numerous parties being named and at least ten [D]oes").)

In federal practice, an amendment relates back if (1) "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading"; (2) the party to be brought in "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1). Yablonsky argues that the "Doe" defendants in his original complaint, coupled with the prisoner appeals and exhibits attached to that complaint, should have alerted the proposed defendants that they would be named in this case. (*See* ECF 146, at 5; ECF 144, at 3–4; ECF 159, at 11; ECF 166, at 3, 11.)

Even if Yablonsky satisfied the first two requirements, he failed to show there was an identity "mistake." "'Simply not knowing who to sue,' . . . does not qualify as a 'mistake' under Rule 15 even when a plaintiff has identified a Doe defendant." *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 3413508, at *15 (S.D. Cal. July 29, 2019) (collecting cases). And the identity of these potential defendants was no mystery. All five names appear in either Yablonsky's original complaint or its supporting exhibits. (*See, e.g.*, ECF 4, at 16, 31 (Pickett); ECF 6, at 42, 58, 59, 69, 102, 111, 114 (Olivarria and Self); ECF 6, at 328 (Fuller); ECF 6, at 330, 361 (Garcia ("mail room supervisor")).) If any of the proposed defendants happened to read the complaint and saw that they were mentioned—but not named as defendants—they might reasonably have assumed that Yablonsky knew their identities and opted not to sue them. It certainly wouldn't have alerted them that, "but for a mistake concerning . . . identity[,]" they would have been named in the complaint. *See* Fed. R. Civ. P. 15(c)(1). Thus, Yablonsky failed to satisfy the federal relation-back standard for the claims against the proposed defendants.

**D.      Right-to-Petition Claim**

This Court previously found that while "plaintiff's right-to-petition claim would not be futile, every other factor weighs against amendment" and denied the amendment. (ECF 138, at 8.) Yablonsky implicitly challenges that finding as clearly erroneous, alleging that any delay was due to COVID-19 and defendants' own misconduct during discovery. (ECF 146, at 6–7.) As noted above, while COVID-19 may have contributed to Yablonsky's delay, he was nevertheless actively filing during that time. (*See supra* Section C.1.b.) And he offers no evidence to support his allegations that defendants were playing "'hide and seek' with discovery" and otherwise "obfuscat[ing] responses" and "refus[ing] to provide requested materials." (ECF 144, at 2, 5.)

Yablonsky also disputes the Court's analysis of the bad-faith and undue-prejudice factors. (*See* ECF 146, at 6–7.) The Court previously concluded that the right-to-petition claim was Yablonsky's attempt to add back his previously dismissed access-to-courts claims, evidencing both bad faith and a repeated failure to cure deficiencies, all of which weighed against allowing any further amendments. (ECF 138, at 7.) Yablonsky argues that his right-to-petition claim is different than an access-to-courts claim, but he fails to explain how. (ECF 146, at 6.) The First Amendment establishes the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. That right includes "a reasonable right of access to courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996). While there are other ways to infringe the right to petition, Yablonsky's vague allegations in his proposed third amended complaint are substantially the same as those previously dismissed when framed as an access-to-courts claim. (*Compare* ECF 62, at 70–71 (claiming the "distracting and interfering efforts" by prison staff caused Yablonsky to "los[e] opportunities to seek redress under the [F]irst [A]mendment") *with* ECF 124, at 116 (alleging defendants Martinez and McGuire "obfuscated, hindered, refused unfettered access to right petition government when they deliberately and without just cause frustrated appeals filed by plaintiff").) So it was not clear error for this Court to surmise that

Yablonsky's repackaged access-to-courts claim amounted to both bad faith and a repeated failure to cure deficiencies.

Yablonsky's only other argument against the Court's reasoning pertains to the undue-prejudice factor in the Court's analysis of Yablonsky's request to add new defendants, not its analysis of the right-to-petition claim. (ECF 146, at 7.) Thus, Yablonsky has not identified any error—let alone any *clear* error—in the Court's consideration of the amendment factors or in its decision to preclude the newly minted right-to-petition claim.

## CONCLUSION

When the Court previously denied Yablonsky's request to amend his complaint, the Court's analysis was legally correct. Yablonsky has not established any clear error in that ruling. Thus, the Court orders as follows:

1. Plaintiff's motion for reconsideration (ECF 146) is **DENIED**.
2. Plaintiff's renewed motion for reconsideration (ECF 144) is **DENIED**.
3. Plaintiff's motion for a supplemental pleading (ECF 157) is **DENIED**.
4. Plaintiff's motion to name Doe defendants (ECF 159) is **DENIED**.

Dated: September 1, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge